| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>Court's Address: 1100 Judicial Center Dr.,<br>Brighton, CO 80601 | DATE FILED: March 25, 2022 9:05 AM<br>FILING ID: 9AEC0DF2973F5<br>CASE NUMBER: 2022CV30345 |
| **Plaintiff:**<br><br>**IDA FREGIA,**<br><br>v.<br><br>**Defendant:**<br><br>**WALMART INC. a/k/a WALMART STORES INC. and WAL-MART REAL ESTATE BUSINESS TRUST** | ▲   **COURT USE ONLY**   ▲<br><br>Case Number:<br><br>Div.:        Ctrm.: |
| *Attorneys for Plaintiff*:<br>**VARNER FADDIS ELITE LEGAL, LLC**<br>Eric Faddis, #44990<br>Lauren Varner, #46519<br>Heather E. Hackett, #37231<br>6025 S. Quebec Street, Suite 100<br>Centennial, Colorado  80111<br>Telephone: (720) 770-8335<br>Fax Number: (720) 554-7724<br>E-mail: efaddis@varnerfaddis.com<br>lvarner@varnerfaddis.com<br>hhackett@varnerfaddis.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Ida Fregia, by and through undersigned counsel, Varner Faddis Elite Legal, for her *Complaint* against the above-named Defendants, states and alleges as follows:

## PARTIES

1. Plaintiff Ida Fregia is a natural person of the age of majority and currently resides at 8181 Ivanhoe St., Commerce City, CO 80022. Ms. Fregia is, and was, at all times material to the allegations in this Complaint, a resident of the State of Colorado.

2. Defendant Walmart Inc. a/k/a Walmart Stores Inc. is a Foreign Corporation with a principal office street address of 702 SW 8th St., Bentonville, AR 72716, and as registered agent, C T Corporation System, 7700 E. Arapahoe Rd., Ste 220, Centennial, CO 80112-1268.

1

3. Defendant Wal-Mart Real Estate Business Trust owns the real property located at 5990 Dahlia St., Commerce City, CO 80022 ("the Premises"), where the subject incident occurred.

4. Defendant Wal-Mart Real Estate Business Trust is not registered with the Colorado Secretary of State, but has a mailing address of P.O. Box 8050 MS 0555, Bentonville, AR 72712-8050, according to the Adams County Assessor's Office.

5. At all times material to the allegations in this Complaint, Defendants owned, operated, and/or were in possession of the real property at which the subject incident occurred.

6. At all times material to the allegations in this Complaint, Defendants were legally responsible for the condition of that real property and/or for the activities conducted and/or circumstances existing thereon.

7. At all times material to the allegations in this Complaint, Defendants exercised control over the Premises on which Plaintiff was injured.

## VENUE

8. Venue is proper in Adams County, Colorado, pursuant to C.R.C.P. 98(c)(5) because the tort that triggered the claims herein occurred in Adams County, Colorado.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs 1 – 8 as if fully set forth herein.

10. Plaintiff sustained serious injuries when she slipped and fell on spilled and accumulated cleaning solution near the checkout lanes of the WalMart Supercenter, store #2752, with an address of 5990 Dahlia St., Commerce City, CO 80022 ("The Premises").

11. Upon information and belief, Defendants have had countless incidents in their stores (including store #2752) in which customers have slipped, fell, and sustained injuries from accumulated liquid on floors, and were on notice that the same constituted a dangerous and hazardous condition within the Premises.

12. The checkout lanes are known areas of high foot traffic.

13. The Premises has in-store cameras that capture the area near the checkout lanes.

14. Upon information and belief, Defendants could monitor these cameras in real time for dangerous conditions to which they were capable of promptly attending in order to keep the Premises safe.

15. Defendants also had employees working near the checkout lanes who were able to visually monitor that vicinity for hazards and dangerous conditions.

16. On or about Sunday, August 16, 2020, around 5:15PM, near the checkout lanes, someone had spilled a large container of what appeared to be concentrated purple cleaning solution, believed to be Fabuloso, and left the ruptured bottle threat.

17. The spill went unattended long enough to spread to a sizable area, approximately 3 feet by 4 feet or larger.

18. Upon information and belief, neither Defendants nor their agents/employees attended to the spill in any way.

19. Upon information and belief, neither Defendants nor their agents/employees placed any cones, signs, or other warnings to customers near the spilled liquid.

20. On or about Sunday, August 16, 2020, around 5:21PM, Plaintiff presented to the Premises to purchase items.

21. As Plaintiff approached the checkout lanes of the busy Walmart Supercenter, she slipped and fell on the accumulated liquid that had spilled in that area.

22. Upon landing on the floor, Plaintiff noticed that the accumulated liquid was soapy and slippery.

23. Plaintiff immediately felt severe pain in her left knee, followed shortly thereafter by swelling and bruising.

24. Plaintiff laid on the floor in pain for several minutes before any Walmart employee approached the area.

25. Upon information and belief, other customers formed a circle around Plaintiff and the spill in order to direct other customers away from the hazard.

26. Plaintiff was ultimately taken by ambulance to the hospital.

27. Upon examination and imaging, Plaintiff was diagnosed with a transversely oriented displaced fracture of her left patella, among other injuries.

28. Doctors recommended an open reduction and internal fixation ("ORIF") surgery on Plaintiff's left patella, which Plaintiff underwent. During the surgery, hardware was placed into Plaintiff's body.

29. Later, the hardware from the surgery became medically problematic and Plaintiff had to undergo a second left knee surgery for hardware removal and arthoscopy.

30. As a direct and proximate result of this incident, Plaintiff suffered serious injuries, including, but not limited to, a fractured left patella requiring multiple surgeries.

31. Upon information and belief, this incident was captured on surveillance video.

32. Defendants failed to exercise reasonable care to make the Premises safe.

33. At all times material to the allegations in this Complaint, Plaintiff was an "invitee" within the meaning of the Colorado Premises Liability Act as to Defendants.

34. At all times material to the allegations in this Complaint, Defendants were authorized agents on, and/or persons in possession of, the Premises.

35. At all times material to the allegations in this Complaint, Defendants were legally responsible for the condition and safety of The Premises and for the activities conducted and circumstances existing thereon.

36. At all times material to the allegations in this Complaint, Defendants negligently failed to maintain the Premises in a reasonably safe condition.

37. At all times material to the allegations in this Complaint, Defendants knew or should have known of the dangerous condition on the Premises that caused Plaintiff injuries.

38. At all times material to the allegations in this Complaint, Defendants negligently failed to warn invitees, such as Plaintiff, of dangers on the Premises of which Defendants actually knew or should have known.

39. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious physical injuries, damages, and losses.

**FIRST CLAIM FOR RELIEF**
**(Colorado Premises Liability Act)**

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

41. At all times material to the allegations in this Complaint, Plaintiff was an "invitee" on The Premises within the meaning of Colorado's Premises Liability Act, C.R.S. § 13-21-115 ("CPLA").

42. At all times material to the allegations in this Complaint, Defendants were "landowners" within the meaning of the CPLA.

43. Defendants were "landowners" because either they actually owned the Premises or were authorized agents and/or persons in possession of the Premises and because they were legally responsible for the condition of the Premises and for the activities conducted and circumstances existing thereon.

44. Pursuant to the CPLA, Defendants owed legal duties to Plaintiff, including duties to exercise reasonable care to protect Plaintiff against dangers of which Defendants knew or should have known.

45. Defendants unreasonably failed to exercise reasonable care to protect against dangers on the Premises of which Defendants actually knew or should have known.

46. As result of Defendants' failures to exercise reasonable care and protect against said dangers, Plaintiff suffered injuries, damages, and losses.

### SECOND CLAIM FOR RELIEF
**(Common Law Negligence)**

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth herein.

48. At all times material to the allegations in this Complaint, Defendants owed a duty to those legally present on the Premises, including Plaintiff, to exercise reasonable care in the performance of their services and duties on the Property.

49. At all times material to the allegations in this Complaint, Defendants breached the duty owed to Plaintiff by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to warn of and/or remedy a hazardous condition on the Property of which Defendants were or should have been aware in a reasonably prudent manner so as to avoid causing unnecessary harm or injury to Plaintiff.

50. At all times material to the allegations in this Complaint, Defendants breached the duty owed to Plaintiff by failing to reasonably inspect, notice, remedy, and/or reasonably direct to be remedied, a foreseeable and hazardous condition on the Premises of which they were or should have been aware, in a reasonably prudent manner so as to avoid causing unnecessary harm or injury to Plaintiff.

51. It is reasonably foreseeable that an accumulation of liquid on the floor of the Premises could cause customers to slip, fall, and sustain injuries.

52. Upon information and belief, Defendants have experienced countless other incidents at their stores (including store #2752) in which liquid had spilled, accumulated, was not attended to, and caused other customers to slip, fall, and sustain injuries.

53. As a direct and proximate result of Defendants' negligence and careless conduct and failure to exercise reasonable care, Plaintiff suffered serious physical injuries with related damages and losses.

WHEREFORE, Plaintiff suffered non-economic damages, including, but not limited to, physical pain and suffering, an impaired quality of life, permanent impairment, and economic damages, including, but not limited to, past and future medical expenses associated with said

incident as a direct result of the Defendants' negligence and breach of duties required by the CPLA.

NOW THEN, Plaintiff prays for an Order of Judgment in favor of the Plaintiff and against the Defendants as follows:

- a.) For judgment in favor of the Plaintiff, and against Defendants in an amount to be determined at trial for actual and consequential damages, including noneconomic, economic, and physical impairment;

- b.) For pre-judgment interest which has accrued since the date of the tort pursuant to **C.R.S. §13-21-101**;

- c.) For complete and total compensation for all of Plaintiff's medical bills;

- d.) For all costs in the prosecution of this matter; and

- e.) For any and all further relief as the Court may deem proper and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted this 25th day of March, 2022.

**VARNER FADDIS ELITE LEGAL, LLC**

*Original Signature on File at the Offices Of Varner Faddis Elite Legal, LLC*

By: */s/ Eric Faddis*
Eric Faddis, Atty. Reg. #44990
Lauren E. Varner, Atty. Reg. #46519
Heather Hackett, Atty Reg. #37231
**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Address:
8181 Ivanhoe Street
Commerce City, CO 80022

*This pleading was filed with the Court through the ICCES Electronic Filing Procedures, under C.R.C.P. 121, § 1-26.  As required by those rules, the original signed copy of this pleading is on file with Varner Faddis Elite Legal, LLC.*